UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER TAYLOR,

                Plaintiff,

-against-

ALL COMPANYS AND NAMES,

                Defendants.

23-CV-10709 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Colorado State Penitentiary, in Cañon City, Colorado, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Taylor v. Biden*, ECF 1:23-CV-9083, 5 (S.D.N.Y. Jan. 3, 2024).[1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] That order lists the following cases: *Taylor v. FBI NY*, No. 19-3972 (2d Cir. Apr. 30, 2020) (dismissing appeal as frivolous); *Taylor v. Kings Cnty WA*, No. 21-CV-1182 (MJP) (W.D. Wash. Oct. 14, 2021) (dismissing complaint as frivolous and for failure to state a claim); *Taylor v. Ferguson*, No. 20-CV-1262 (BHS) (W.D. Wash. Nov. 16, 2020) (dismissing complaint for failure to state a claim); *Taylor v. Microsoft*, No. 19-CV-0403 (RMS) (W.D. Wash. Mar. 22, 2019) (dismissing amended complaint for failure to state a claim and as frivolous); *Taylor v. DEA*, No. 18-CV-0687 (RSM) (W.D. Wash. Nov. 19, 2018) (dismissing complaint for failure to state a claim).

Although Plaintiff has filed this new action seeking IFP status, he does not show that he is in imminent danger of serious physical injury.[1] Plaintiff did not file a complaint in this action. On his IFP application, Plaintiff lists the Defendants as "All Companys and Names." (ECF 1.) He checks a box on the IFP application form indicating that he is in imminent danger of serious physical injury, and writes "National & Homeland Security Threat plus obstructing justice of communication." (*Id.* at 2.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: January 8, 2024
       New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge